In the Matter of the Appraisal under the Transfer Tax Act of the Estate of NATHAN F. GRAVES, Deceased.

CHARLES E. STEVENS et al., as Executors and Trustees, Appellants; THE COMPTROLLER OF THE STATE OF NEW YORK, Respondent.

TRANSFER TAX — WHEN GIFT OF REMAINDER OF ESTATE FOR CHARITABLE PURPOSES NOT SUBJECT TO TRANSFER TAX — EFFECT OF CHAPTER 701 OF LAWS OF 1893. Where a clause in a will gave the testator's residuary estate to trustees therein named "for the purpose of founding, erecting and maintaining" a "home for the aged," such residuary estate to remain in the hands of the trustees until the termination of two lives in being, the estate, although actually in the hands of the trustees of the estate, may properly be considered under the statute regulating gifts for charitable purposes (L. 1893, ch. 701) as if it were in the possession of a corporation or association already formed under the will, or as in the control of the Supreme Court, for the purpose of carrying out the testator's charitable scheme, and is, therefore, under the provisions of exemption in the Tax Law (L. 1896, ch. 908, § 4, subd. 7) in force at the time of testator's death (July 21, 1896), read in connection with the provisions of chapter 701 of the Laws of 1893, exempt from the transfer tax imposed by article X of the Tax Law, as the "property of an association organized exclusively for  *  *  *  charitable  *  *  *  and  *  *  *  benevolent purposes," and the statute (L. 1900, ch. 382) amending the Tax Law so as to make the general exemptions provided for in section 4 thereof inapplicable to taxable transfers has no application.

*Matter of Graves*, 66 App. Div. 267, reversed.

(Argued March 25, 1902; decided May 6, 1902.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 27, 1901, which modified and affirmed as modified an order of the Onondaga County Surrogate's Court imposing a transfer tax upon the residuary estate in the hands of the trustees under the will of Nathan F. Graves, deceased.

The facts, so far as material, are stated in the opinion.

*Augustus C. Stevens* for appellants. Under the policy of the state and the spirit, purpose and intent of the Transfer Tax Law as it existed at the time of the death of the testator the

residuary bequest contained in his will is exempt from a trans-
fer tax. (*Matter of Hamilton*, 148 N. Y. 310; *Allen* v.
*Stevens*, 161 N. Y. 122; *Matter of Thrall*, 157 N. Y. 46;
*Matter of Huntington*, 168 N. Y. 399; *Smith* v. *People*,
47 N. Y. 330; *People* v. *Lorillard*, 135 N. Y. 285; *Harbeck*
v. *Pupin*, 123 N. Y. 115; *Scofield* v. *Collins*, 3 Cow. 89;
*Murray* v. *N. Y. C. R. R. Co.*, 4 Keyes, 427; *Matter of
Vassar*, 127 N. Y. 1.) There is no logic in a construction
or interpretation of the statute which makes the test, as to
whether a charitable trust is exempt or subject to a transfer
tax, depend on the nature of the trustee; such a construction
creates an unreasonable discrimination. (L. 1893, ch. 701;
*Allen* v. *Stevens*, 161 N. Y. 122; *Matter of Griffin*, 167 N. Y.
71.) A bequest to an individual in trust to apply for the bene-
fit of a charitable corporation, though it is a transfer to a person,
seems to have been regarded, as a matter of course, as exempt
from a transfer tax. (*Estate of Murphy*, 4 Misc. Rep. 230.)
Under chapter 701, Laws of 1893, the bequest and devise
contained in the 10th clause of Mr. Graves' will must be
considered as though it were a gift to the Supreme Court of
this state for the purpose therein specified, and it is not tax-
able under the Taxable Transfer Law. (*Matter of Griffin*,
167 N. Y. 71; *Matter of Thrall*, 157 N. Y. 46; L. 1896,
ch. 908, § 4; *Matter of Hamilton*, 148 N. Y. 315; *Bird* v.
*Merklee*, 144 N. Y. 544; *Le Couteulex* v. *City of Buffalo*, 33
N. Y. 333; *Wetmore* v. *Parker*, 53 N. Y. 450; *Adams* v.
*Perry*, 43 N. Y. 487; *Williams* v. *Williams*, 8 N. Y. 525.)
Under the decision in the case of *Allen* v. *Stevens* (161 N. Y.
122) the trustees are charged with the execution of the trust
created by the 10th clause of the will, only during two lives,
at the expiration of which the property will pass to the
Supreme Court, and, if it be held that the estate of the
trustees is taxable at all, the tax must be assessed only on
such life estate. (Dos Passos on Coll. Inher. 115, § 2.)

   *John McLennan* for respondent. The contention that the
beneficiary, known as the " Graves Home for the Aged," is

not subject to the payment of the transfer tax, and that the assessment against that legacy should be canceled by the court is untenable. (*Allen* v. *Stevens*, 161 N. Y. 122; *Pratt* v. *R. C. O. Asylum*, 20 App. Div. 352; *Sherwood* v. *A. B. Society*, 1 Keyes, 561; *Owens* v. *Miss. Society*, 14 N. Y. 580; *Downing* v. *Marshall*, 23 N. Y. 366; *Matter of Huntington*, 168 N. Y. 399.) If any doubt exists as to whether certain property or bequests are exempt from taxation, the claimant of such exemption must establish the fact to the satisfaction of the court. (*People ex rel.* v. *Sayles*, 32 App. Div. 197; 53 N. Y. Supp. 67.) The surrogate is in error in his conclusions that because the Supreme Court will eventually take the title to the property bequeathed by the 10th clause of the will of the deceased, no tax can be imposed, because the court is a mere branch of the state government. (*Matter of Swift*, 137 N. Y. 77; *Matter of Plummer*, 30 Misc. Rep. 19; *Matter of Sherman*, 153 N. Y. 1.) If any right accrued to the legatee under the will of the deceased it was an inchoate right, arising under the statute of 1897, unexecuted, without judicial determination in any form. The legacy was never turned over by the executors to the legatee, and there was an absolute want of a concluded vested right. (*Curtis* v. *Leavitt*, 15 N. Y. 1; *People* v. *Livingston*, 6 Wend. 526; *People* v. *Townsey*, 5 Den. 70; *Butler* v. *Palmer*, 1 Hill, 324; *Moore* v. *Mausert*, 49 N. Y. 332; *People* v. *Bd. of Suprs.*, 67 N. Y. 109; *Westchester Co.* v. *Dressner*, 23 App. Div. 215.)

BARTLETT, J. In order to determine the question presented by this appeal it is necessary to consider the precise legal situation of the residuary estate of the testator since the decision of this court in *Allen* v. *Stevens* (161 N. Y. 122), wherein the trustees under this will were appellants and asked the construction of chapter 701 of the Laws of 1893, entitled "An act to regulate gifts for charitable purposes." That act reads as follows:

"Section 1. No gift, grant, bequest or devise to religious, educational, charitable or benevolent uses, which shall, in other

respects be valid under the laws of this state, shall or be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder in the instrument creating the same. If in the instrument creating such a gift, grant, bequest or devise there is a trustee named to execute the same, the legal title to the lands or property given, granted, devised or bequeathed for such purposes shall vest in such trustee. If no person be named as trustee then the title to such lands or property shall vest in the Supreme Court.

"Section 2. The Supreme Court shall have control over gifts, grants, bequests and devises in all cases provided for by section one of this act. The attorney-general shall represent the beneficiaries in all such cases. and it shall be his duty to enforce such trusts by proper proceedings in the court."

It was conceded that unless this statute changed the law of the state in important particulars, the will of the testator, in so far as it sought to found a charity through a corporation to be formed, known as the "Graves Home for the Aged," was void for two reasons, because of the indefiniteness of the beneficiaries, and because it did not direct the formation of the corporation within two lives in being.

Prior to the enactment of the law of 1893, this court had decided that the case of *Williams* v. *Williams* (8 N. Y. 525), which held that the law of charitable uses as it existed in England at the time of the Revolution, and the jurisdiction of the Court of Chancery over these subjects, became a law of this state on the adoption of the Constitution of 1777, was no longer authority as applied to charitable uses, but, on the contrary, it had been, in terms, disaffirmed and overruled. (*Holmes* v. *Mead*, 52 N. Y. 332.)

In *Williams* v. *Williams* (*supra*) a bill was filed to set aside two bequests contained in the will; one of them in favor of the Presbyterian church and the congregation of the village of Huntington in Suffolk county, and the other in favor of trustees of a fund for the gratuitous education of certain poor children. The decision sustaining the first bequest direct

to the corporation for charitable purposes has never been questioned (*Bird* v. *Merklee*, 144 N. Y. 544), but the second bequest for charitable uses for the gratuitous education of certain poor children was held forbidden by the Statutes of Uses and Trusts.

In *Allen* v. *Stevens* (*supra*) at page 141, PARKER, Ch. J., in reference to the statute of 1893, said: "Reading the statute in the light of the events to which reference has been made, it seems to me very clear that the legislature intended to restore the law of charitable trusts as declared in the *Williams* case; that having discovered that legislative enactment had operated to take away the power of the courts of equity to administer trusts that were indefinite as to beneficiaries, and had declared a permanent charity void unless the devise in trust was to a corporation already formed or to one to be created, it sought to restore that which had been taken away through another enactment. * * * Practical effect can be given to the provision that no devise or bequest shall be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as beneficiaries only by treating it as part of a general scheme to restore to the courts of equity the power formerly exercised by chancery in the regulation of gifts for charitable purposes; for, in order to ascertain the class of persons who are entitled to the benefits of the trust, the rule formerly in force must necessarily be invoked by which the court ascertained as nearly as possible the intention of the testator, by decree adjudging who were intended to be the beneficiaries of the trust and directed its administration accordingly."

The question was also considered whether the trusts under this will should be executed by the trustees named or by the Supreme Court.

The testator appointed three persons as trustees, and provided that no portion of his property should be held by them longer than the lives of the two persons named.

The language of the opinion is (p. 148): "In this case trustees were named, and as the eleventh clause of the will

expressly prohibits the trustees from holding any portion of the testator's property longer than the lives of two persons in being therein named, it must be held that the trustees are charged with the management and conduct of the trust until the expiration of a period measured by the two lives in being, at which time the title to the trust property will vest in the Supreme Court under the statute."

It thus appears under the decision of this court that the residuary estate is now in the hands of the trustees, and until the falling in of the two lives in being, upon which their trust tenure is limited, they are at liberty to proceed with the execution of the trust and may call upon the Supreme Court to indicate who, under the circumstances, should be the beneficiaries of the testator's bounty and generally for specific directions as to the discharge of their duties.

Having this general situation in mind, it is now necessary to consider the question whether this residuary estate is liable to the imposition of a transfer tax.

The counsel for the trustees urges that under the decision in *Allen* v. *Stevens (supra)*, and in view of the fact that this corporation to be formed is within the spirit, if not the letter of the statutes, which would apply if it were in existence, this tax ought not to be imposed.

It is argued on behalf of the comptroller of the state that as no corporation is in existence to act as beneficiary, and as the trust estate is at present in the hands of the trustees and not of the Supreme Court, the taxing of the residuary estate can be sustained, as the statutes in force at the testator's death, exempting corporations and associations, have no application.

The testator died on the twenty-first day of July, 1896, and chapter twenty-four of the General Laws, in relation to taxation (Chapter 908 of the Laws of 1896), which includes in article ten the provisions as to taxable transfers, took effect June 15th, 1896.

Section 220 provides: " A tax shall be and is hereby imposed upon the transfer of any property, real or personal,

of the value of five hundred dollars or over, or of any interest therein or income therefrom, in trust or otherwise, to persons or corporations not exempt by law from taxation on real or personal property, in the following cases."

In section four, subdivision seven, it is provided that there shall be exempted from taxation " the real property of a corporation *or association* organized exclusively for the moral or mental improvement of men or women, or for religious, bible, tract, charitable, benevolent, missionary, hospital, infirmary, educational, scientific, literary, library, patriotic, historical or cemetery purposes, or for the enforcement of laws relating to children or animals, or for two or more of such purposes, and used exclusively for carrying out thereupon one or more of such purposes, and the personal property of any such corporation or association shall be exempt from taxation."

We are of opinion that in view of our previous construction of the law of 1893, to the effect that the doctrine of charitable uses is now established, it is proper to consider this residuary estate as if it were in the possession of a corporation already formed under the testator's will, or as in the control of the Supreme Court, for the purpose of carrying out the testator's charitable scheme, although at present actually in the hands of the individual trustees.

It would be a narrow and unreasonable construction of the act of 1893 which would permit the imposition of general taxes and the transfer tax upon the residuary estate of this testator wholly devoted to the purposes of charity. It is of course competent for the legislature of the state to regulate, from time to time, the taxation of property held by corporations or individuals for the purposes of charity.

In a recent statute (Chapter 382 of the Laws of 1900) the Tax Law was amended so as to make the general exemptions provided for in section four inapplicable to article ten relating to taxable transfers. This act has no application to the case before us and is clearly not in harmony with the liberal views which led to the enactment of the law of 1893. It is to be regretted that the legislature does not maintain a con-

sistent scheme in regard to taxing bequests for charitable uses. The provision of exemption in the law of 1896, already quoted, contains this language: "The real property of a corporation *or association* organized exclusively," etc. This statute read in connection with the law of 1893 may well be considered as making a distinction between a corporation and an association organized for the purposes of charity.

A corporation has a definite legal meaning and differs essentially from an association, which may or may not be incorporated.

Under the law existing prior to the statute of 1893, the inquiry was "whether the grantor or devisor of a fund designed for charity is competent to give, and whether the organized body is endowed by law with capacity to receive and hold and administer the gift." (*Holland* v. *Alcock*, 108 N. Y. 312.)

It was doubtless the general rule, prior to the act of 1893, that if a testator directed the formation of a corporation or association to carry out his charitable scheme, he contemplated the incorporation of the latter, as otherwise it could not take a bequest. Since the act of 1893 the word "association" does not necessarily imply an incorporated entity, and it can take a charitable gift, notwithstanding it may act as a voluntary organization.

The language of the testator in the tenth subdivision of his will is as follows: "I give, bequeath and devise all the rest and residue of my property of every kind, personal or real, wherever situate, to my trustees hereinafter named, for the purpose of founding, erecting and maintaining the Graves Home for the Aged, to be located in the city of Syracuse in the State of New York."

It is quite possible that the trustees, upon whom devolves the duty of founding, erecting and maintaining this home, may find it more convenient to incorporate it as a charitable corporation, but under the law of 1893 and the provisions of the will quoted, it is not essential that this should be done.

The imposition of the transfer tax upon the residuary estate

cannot be sustained and the orders authorizing it must be reversed.

The orders of the surrogate and Appellate Division should be reversed, with costs.

PARKER, Ch. J., GRAY, O'BRIEN, HAIGHT, CULLEN and WERNER, JJ., concur.

Orders reversed.