JACOB ROTHSCHILD et al., as Executors of and Trustees under the Will of SIMON GOLDENBERG, Deceased, Respondents, *v.* JACOB H. SCHIFF et al., Appellants, and MARY GOLDENBERG et al., Respondents.

1. WILL — GIFT TO TRUSTEES FOR CHARITABLE PURPOSES — WHEN THE TRUSTEES, NOT THE SUPREME COURT, ARE CHARGED WITH THE DUTY OF EXECUTING THE TRUST. Where a testator gave his residuary estate to his executors, as trustees, to pay the income thereof to his widow during her life, and after her death he gave a number of specific legacies from the residuary estate, and then gave the remainder thereof to designated persons, requesting them to apply such fund to the creation of a charitable or educational institution, or, if that should not be expedient, to the enlargement of the endowment of an existing charitable institution, the disposition of the fund within the limits indicated being intrusted to the judgment and discretion of such persons, the title to such residuary estate is vested in them as trustees and joint tenants under the statute regulating gifts for charitable purposes (L. 1893, ch. 701), and so long as any of them survive, they, and not the Supreme Court, are invested with the power, and charged with the duty, of executing the trust.

2. WHEN, AND HOW, TRUSTEES MAY DISPOSE OF TRUST FUND BEFORE DEATH OF LIFE TENANT — ERRONEOUS AND UNAUTHORIZED DIRECTION BY SUPREME COURT. A finding by the referee, in an action brought for the construction of such will, that it would be inadvisable to establish an independent institution with the residuary fund and that a majority of the trustees have decided that the fund should be given to a certain educational institution, does not warrant a direction by the Supreme Court that, upon the death of the life tenant, but not until then, the fund should be used for the benefit of such institution; the action of the trustees did

not constitute an execution of the trust nor operate to transfer the property of the trust or determine the disposition thereof; the trustees, as such and as joint tenants, must join in the execution of some written instrument, sufficient to convey the real, as well as the personal property of which the trust is composed; while the trustees take the property of the trust as remaindermen, subject to the life estate of testator's widow, they have the power to dispose of their interest therein and execute the trust during the lifetime of the life tenant (Real Property Law; L. 1896, ch. 547, § 49); whether they ought, or ought not, to do so, before the death of the life tenant, must be determined by the united judgment and discretion of the trustees, themselves, and no duty now devolves upon the Supreme Court to direct them to act at any particular time; if they should fail to execute the trust and the estate become vested in the Supreme Court, the court may then assume jurisdiction and carry out the trust; until that time, however, it has no jurisdiction to direct any disposition of the fund.

3. EVIDENCE — WHEN TESTIMONY AS TO STATEMENTS OF TESTATOR REGARDING THE PURPOSE OF TRUST CREATED BY HIM IS COMPETENT. The reception of evidence, upon the trial of an action for the construction of testator's will, as to the conversation and declarations of the testator with reference to institutions that he favored, was not erroneous; the trustees of the residuary estate are to exercise their judgment and discretion in disposing of this estate and in discharging this duty they may, if they so desire, avail themselves of the judgment and desires of the testator.

*Rothschild* v. *Goldenberg,* 108 App. Div. 235, modified.

(Argued April 16, 1907; decided April 23, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 22, 1905, which modified and affirmed as modified a judgment construing the will of Simon Goldenberg, deceased, entered upon the report of a referee.

The facts, so far as material, are stated in the opinion.

*Louis Marshall* and *Jacob Steinhardt* for appellants. Subdivision 15 of paragraph 23 of the will of Simon Goldenberg is valid, and pursuant to its terms the persons therein named became vested, as trustees, at least, with the title to the testator's residuary estate. (L. 1893, ch. 701; *Allen* v. *Stevens,* 161 N. Y. 122; *Matter of Graves,* 171 N. Y. 47; *Williams* v. *Williams,* 8 N. Y. 525; *Levy* v. *Levy,* 33 N. Y. 97; *Matter of Griffin,* 167 N. Y. 81; *Smith* v. *Chesebrough,* 176

N. Y. 321; *Bowman* v. *D. & F. M. Society*, 182 N. Y. 494; *Robb* v. *W. & J. College*, 185 N. Y. 495; *Kingsbury* v. *Brandegee*, 113 App. Div. 606; *Onmanney* v. *Butcher*, 1 T. & R. 260; *Moggridge* v. *Thackwell*, 7 Ves. 36; *Russell* v. *Allen*, 107 U. S. 163.) The attorney-general representing the state and the appellants as trustees properly came before the Supreme Court, upon a state of facts which is undisputed, to obtain instructions as to how the testator's charitable purpose could be best subserved. (*People ex rel. N. Y. C. & W. Ry. Co.* v. *R. R. Comrs.*, 81 App. Div. 237; *Atty.-Gen.* v. *Guise*, 2 Vern. 166; *Atty.-Gen.* v. *Baliol College*, 9 Mod. 407; *Atty.-Gen.* v. *Glasgow College*, 2 Collyer, 665; *Atty.-Gen.* v. *Craven*, 21 Beav. 392; *Atty.-Gen.* v. *Pyle*, 1 Atk. 435; *Atty.-Gen.* v. *Ironmongers Co.*, 2 M. & K. 576; *Atty.-Gen.* v. *Hicks*, 8 Brown's C. C. 166; *Atty.-Gen.* v. *Gibson*, 2 Beav. 317; *Moggridge* v. *Thackwell*, 7 Ves. 96; 13 Ves. 416.)

*John J. Crawford* and *Charles H. Brush* for plaintiffs, respondents.

*William S. Jackson*, *Attorney-General* (*George P. Decker* of counsel), for the State of New York, respondent.

Haight, J. This action was brought by the executors of and trustees under the last will and testament of Simon Goldenberg, deceased, to obtain a judicial construction of the fifteenth subdivision of the twenty-third clause of his will and for a determination as to whether it was valid.

The testator, in his will, after providing for the payment of his just debts and funeral expenses, made provision for the erection of a mausoleum in a cemetery designated and then made a number of bequests to charitable or educational corporations. He then gave and devised all the rest, residue and remainder of his estate to his executors, in trust, to collect the rents, issues and profits and to pay the same over to his widow during her life. After her decease he gave from the

principal of the trust a number of legacies to relatives and friends and then, by the clause in question provided, " I give, devise and bequeath all the rest, residue and remainder of my estate, together with such other estate, both real and personal, as to which for any cause I may die intestate, after the payment of the foregoing bequests, to Jacob H. Fleisch, Jacob H. Schiff, Julius Goldman, M. Warley Platzek, Isaac Wallach, Jacob Rothschild, Simon Ottenberg, Joel Goldenberg and Louis Seeberger, or the survivors of them, all of the City, County and State of New York; and it is my wish that said persons apply the said rest, residue and remainder of my estate and property to the creation of some charitable or educational institution in the city of New York. I desire to place no restriction upon them with regard to the character of such charitable or educational institution, excepting that I desire the same to be non-sectarian, and that I do not desire to have the fund hereby created to be divided between existing charities (but this not to preclude said legatees from enlarging or placing upon a solid foundation an existing charitable institution if they shall deem it advisable so to do), having full confidence that they will found a charity which will add something to the physical, moral or intellectual improvement of those for whose benefit they will create such institution."

The action was tried before a referee, and upon such trial evidence was taken under an answer interposed by the appellants, in which the court was asked to determine the disposition that should be made of the property so devised or bequeathed, and upon such evidence the referee found that " It would not be advisable to establish an independent institution, charitable or educational in its nature, with the residuary estate of Mr. Goldenberg, the testator, since it would not be practicable to create an efficient institution with no greater endowment than the sum which the will made available for the purpose, and a majority of the trustees named in the clause in question have reached the conclusion that the only institution to which the testator's ideas as contained in his will could be applied is The Hebrew Technical Institute of the

City of New York." The referee also found that the clause of the will in controversy was valid and ordered judgment to that effect, and that, upon the death of the life tenant, the fund should be used for the benefit of such institute. Appeal was thereupon taken from so much of the judgment as adjudged that the fund should be given to the institute. The Appellate Division, upon its review, not only modified the judgment by striking out the provision alluded to but inserted a provision to the effect that the persons to whom the trust estate had been given, or the survivors of them, should not determine the use to which such estate should be devoted until after the property had been turned over to them upon the death of the life tenant. No appeal has been taken from the judgment in so far as it determined the provision of the will alluded to to be valid. It consequently follows that the only question presented upon this review pertains to that part of the judgment which undertook to dispose of the property of the trust estate after the death of the testator's widow.

Again, referring to the provision of the will, it will be observed that the devise and bequest of the remainder, etc., to Fleisch, Schiff and others, or the survivors of them, while absolute in form is qualified by the expression of a wish on the part of the testator that the persons named by him should apply that portion of his estate and property to the creation of some charitable or educational institution or for the enlarging or placing upon a solid foundation an existing charitable institution. While he has not, in express terms, stated that the persons named should take as trustees, we think that which follows clearly indicated an intention that they should take, not as tenants in common, but as trustees and joint tenants, the title vesting in the survivors of them. We, therefore, have a case presented in which a testator has given to certain persons named property in trust, to dispose of for charitable and educational purposes, leaving the selection of the institution that should receive his bounty to the judgment and discretion of the trustees, bringing it within the provisions of chapter 701 of the Laws of 1893, in which it is provided:

" If in the instrument creating such a gift, grant, bequest or devise there is a trustee named to execute the same, the legal title to the lands or property given, granted, devised or bequeathed for such purposes shall vest in such trustee. If no person be named as trustee then the title to such lands or property shall vest in the Supreme Court." It is thus apparent that the title of the property in question vested in the trustees named in this provision of the will and that, so long as any of the trustees survive, they, and not the Supreme Court, are given the power and charged with the duty of executing the trust. We do not understand that the trustees have as yet executed the trust. It is true, the referee has found that a " majority of them have reached the conclusion that the only institution to which the testator's ideas could be applied is The Hebrew Technical Institute of the City of New York ; " but this is not sufficient. A mere discussion between the majority of the trustees from which they reach a conclusion, does not operate to transfer the property nor definitely and irrevocably determine the disposition that should be made of it. While the trust estate consists largely of personal property, as we understand, it still contains some real estate. As trustees and joint tenants they must all join in any transfer that is made, and it can only become operative by the executing of some deed or other written instrument sufficient in law to convey the property of which the trust estate is composed. This action on their part has not, as yet, been taken, as appears from the findings of the referee. But, as we have seen, the power and the duty is with the trustees, and we must assume that at the proper time they will discharge their duties under the trust without interference on the part of the court. If, however, they should not execute the trust and the estate should become vested in the Supreme Court, it will then be time for the court to assume jurisdiction and execute the trust. We, therefore, conclude that the judgment entered upon the report of the referee, in so far as it was appealed from, was unauthorized in law.

The Appellate Division upon its review, as we have seen, modified the judgment appealed from in the particular referred to by providing, in substance, that the trustees should not discharge their duties under the trust until the termination of the life estate and they had become vested in possession with the property embraced in the trust. We are inclined to the view that even this interference by the court with the action of the trustees is also unauthorized in law. As we have seen, the property which these trustees are to take is a part of the trust property which is set apart and held for the benefit of the testator's wife during her life. These trustees, therefore, take as remaindermen; their estate is an estate in expectancy. Under the Real Property Law an expectant estate is alienable in the same manner as an estate in possession. We, therefore, are of the opinion that the trustees have the power to dispose of their interest in the trust property in question and execute the trust even during the lifetime of the life tenant. It is contended, however, that they ought not to do so, for the reason that the character of the institution selected by them might change and become objectionable before the falling in of the life estate. On the other hand, it is contended that they ought to act promptly, for the reason that the testator had selected as his trustees a number of gentlemen in whom he reposed confidence, and that it was their united judgment and discretion that he sought to obtain in carrying out the purposes for which he made his bequest. These contentions, however, present reasons which may properly be considered by the trustees in enabling them to determine when they should take final action in the matter, and no duty now devolves upon the court to direct them to act at any particular time. It has also been stated that the testimony as to the conversation and declarations of the testator with reference to institutions that he favored was improperly received. Of course, oral statements or declarations of the testator cannot be received to contradict or impeach the provisions of an unambiguous will; but we do not understand that the evi-

dence was received for such a purpose. The trustees are to exercise their judgment and discretion in disposing of th.s estate. In aiding them in the discharge of this duty we see no reason why they may not, if they so desire, avail themselves of the judgment and wishes of the testator.

The judgment of the Appellate Division should be modified by striking therefrom the clause prohibiting the trustees from determining the application that should be made of the trust property until after it had been paid over to them, and as so modified affirmed, without costs of this appeal to either party.

Cullen, Ch. J., Gray, Edward T. Bartlett, Willard. Bartlett and Hiscock, JJ., concur; Werner, J., dissents solely from modification.

Judgment accordingly.