In the Matter of the Construction of the Last Will and Testament of JAMES S. MERRITT, Deceased.

Surrogate's Court, Westchester County, March 23, 1925.

Wills — construction — testator after creating certain trusts for wife and others, gave remainder of estate to designated trustees to establish and maintain transient lodging house for indigent persons — provisions in will authorizing and empowering trustees and their survivors to set up corporation and board of trustees, if deemed necessary for effectual execution of will, precatory — said provisions do not create corporation or association within meaning of Decedent Estate Law, § 17 — said trustees required to execute continuing trust themselves — bequest of remainder of estate, constituting more than one-half thereof, to trustees for charitable purposes does not violate provisions of Decedent Estate Law, § 17, as in force in 1919.

A will which, after creating certain trusts for testator's wife and others, gives the remainder of an estate to designated trustees to establish and maintain forever a transient lodging house for indigent persons, does not violate the

provisions of section 17 of the Decedent Estate Law in force in 1919, though the bequest of the whole of said remainder of testator's estate, constituting more than one-half thereof, be for charitable purposes, where, by the provisions of said will, the trustees were required to execute a continuing trust themselves, since the gift was one to individuals for charitable uses and as such is not within the prohibition of said statute. Moreover, the trustees take as remaindermen and the corpus of any trust which has terminated becomes vested in them pursuant to the terms of the will.

Nor does the will create an express trust for the benefit of a corporation or association, within the meaning of section 17 of the Decedent Estate Law, though it authorizes and empowers the said trustees and their survivors " to procure an incorporation under the Laws of New York " for the more effectual execution of the provisions of said trust, since such words are merely precatory.

The words " authorize and empower," used in connection with the organization of a corporation or board of trustees to administer said trust, should be read in their natural and ordinary sense and deemed to mean a grant of authority rather than a direction or command to exercise it.

PROCEEDING for construction of will.

*Moses Miller* [*Frederick P. Close* of counsel], for the executors and trustees.

*Mills & Nanry* [*Isaac N. Mills* of counsel], for James M. Duffy.

*Strang & Taylor*, for Emma S. Merritt, widow.

*Arthur I. Strang*, special guardian.

*Carl Sherman, Attorney-General; Robert P. Beyer, Deputy Attorney-General.*

SLATER, S.:

James S. Merritt, a resident of Port Chester, N. Y., and former sheriff of the county of Westchester, died April 7, 1919. His will was admitted to probate April 12, 1919. By said will he created certain trust estates for friends, wife and relatives in various portions of his estate. By the 10th paragraph of said will he gave the rest, residue and remainder of his estate to establish and maintain a lodging house in said Port Chester. Said 10th paragraph is as follows:

" 10. All the rest, residue and remainder of my estate, real and personal, of every kind and nature, wheresoever situate, and which may be subject to my disposal by will, I give, devise and bequeath to my said trustees, their survivor and successors, in trust, nevertheless, to establish and forever maintain in said village, a lodging house, to be named for my mother Emily Merritt, whereat, so far as possible, there shall be provided at all times without discrimination, free, transient sleeping accommodations and shelter for all indigent persons who may apply therefor.

" I direct that all my pictures be kept intact and thereafter placed or hung in said lodging house."

By the 5th, 6th and 7th paragraphs of the codicil, he further provided with regard to the charitable trust:

" 5. If by and under the terms of the will, deed or other instrument of any person other than myself, the same trust is provided for or created, as is provided for in article ' 10 ' of my said will, to wit, a gift of property in trust as a memorial to my mother, Emily Merritt, and such will, deed or other instrument take effect prior to the time of taking effect of my will, then I direct that the trust provided for by and under said article ' 10 ' of my will shall be combined with the trust provided for or created by and under the terms of said will, deed or other instrument of such person other than myself, and I do therefor hereby dispose of my said residuary estate accordingly, provided, however it may lawfully be done."

This paragraph is ineffectual, as no other person provided for a similar trust prior to the taking effect of the testator's will.

" 6. In addition to the powers already conferred upon my trustees, I hereby empower them and their survivor, provided it will not in any respect invalidate the provision of my will disposing of my residuary estate, to procure an incorporation under the laws of New York and also to invoke legislative aid, if deemed necessary for the more effectual and convenient carrying out of said provisions. I further direct that no bonds be required of the executors and trustees in my will named.

" 7. Upon the death, resignation or failure to act of either of my said trustees, I authorize and request my remaining trustees within thirty days thereafter, by an instrument in writing, duly executed and acknowledged by him, and filed to appoint an associate trustee or a successor. I further authorize and empower my said trustees, by like instrument, filed, to appoint a third trustee, or, if there be but one trustee acting, to appoint two trustees. I further authorize and empower my acting trustees, provided it may lawfully be done, by a like instrument, filed, to declare that the trustees hereunder shall be constituted into a board of trustees, with the right for such board, forever thereafter, to fill all vacancies existing therein, the number of trustees constituting the same, however, not to exceed three. Any person so appointed under the terms of this article, shall, without giving any security, have the same rights, powers, discretion and obligations as if he had been originally designated and appointed a trustee by the terms of my will."

He left surviving him Emma S. Merritt, the widow, and two nephews, James M. Duffy and William J. Duffy, children of his deceased sister. His executors have made their first accounting and show a gross estate of $120,000 with a net estate, with allowance

for debts, of about $100,000. The present accounting is the second and it shows that the major portion of the real estate has been sold and converted into personalty. There has been a decided increase in the value of the real estate held by the trustees as the result of favorable sales. The design of the will was to create several trusts and to give the use of one trust to a designated beneficiary during his or her life, and at the expiration of that life to pass over the fund into the residuary estate which by the 10th paragraph of the will the trustees are to apply to establish and forever maintain in the village of Port Chester a lodging house with " free transient sleeping accommodations and shelter for all indigent persons who may apply therefor." The institution, the memorial, is to bear the testator's mother's name and is to be called the " Emily Merritt Lodging House."

The 11th paragraph of the will provides for a substitution of a gift in case of failure of prior gifts in these words:

" 11. Should any gift under this will fail, then I direct that the subject-matter thereof be disposed of as part of my residuary estate, and that failing, I give the same to my said sister or, if she predecease me, to her lineal descendants in equal portions, *per stirpes.*"

One of the nephews, William J. Duffy, died September 13, 1923, leaving a widow and several infant children, and his death has made the construction of certain paragraphs of the will and codicil a practical question. The 3d paragraph of the codicil gave to the executors certain real estate, in trust, to pay one-half of the net income therefrom to William J. Duffy during his life. The death of William J. Duffy throws the corpus of the trust created for his benefit into the residuary estate, and this is the particular reason why the 10th paragraph of the will must be construed at this time. All the parties hereto have joined in the request for the construction of said paragraph 10 of the will. In addition, the executors ask for the construction of the 7th paragraph of the will and the 3d paragraph of the codicil.

Section 17 of the Decedent Estate Law, in force at the time of the death of the testator, provided: " No person having a husband, wife, child or parent, shall, by his or her last will and testament, devise or bequeath to any benevolent, charitable, literary, scientific, religious, or missionary society, association, corporation, in trust or otherwise, more than one-half of his or her estate, after the payment of his or her debts, and such devise or bequest shall be valid to the extent of one-half, and no more." The law speaks as of the time of the death of the deceased. (*Matter of Seymour,* 239 N. Y. 259.)

It is the contention of the learned counsel for the widow and the heirs at law that section 17 of the Decedent Estate Law is applicable; that the heirs at law and next of kin of the testator are entitled to the testator's estate which exceeds one-half part thereof; that the charity fund being one-half of the estate valued at death, less debts, is wholly inadequate to carry out the charity purpose of the testator; that consequently the gift to charity must fail, and pursuant to the substitutional paragraph 11 of the codicil the remainder estate passes to the lineal descendants of the deceased sister; that this court has full power to construe the will and codicil and hold that the fund is inadequate; that the *cy-pres* doctrine of the Tilden Act (Laws of 1893, chap. 701, as amd., now Pers. Prop. Law, § 12, Real Prop. Law, § 113) cannot be applied; and further that a sound public policy requires that this bequest should be held void, as such an institution would become a mecca for tramps and a veritable curse to the village of Port Chester, and the true public interest should be considered by the court.

It is the contention of the trustees that the language of the 10th paragraph of the will brings the case within the authority of *Allen* v. *Stevens* (161 N. Y. 122), and consequently section 17 of the Decedent Estate Law is not violated and the whole estate in remainder passed to the trustee of the charity trust, subject to the several prior estates created by said will.

The primary question is: Does the instant case fall within the authority of *Allen* v. *Stevens* (161 N. Y. 122) (1899)? If it does, section 17 of the Decedent Estate Law does not apply and we need not consider the other questions raised by counsel.

Chief Judge PARKER wrote a comprehensive and illuminating opinion in *Allen* v. *Stevens* (*supra*), upon the law relating to charitable trusts. It restates the law, then in much confusion, regarding charitable trusts. It deals with the practice governing administration of charitable trusts and holds that a corporation is not necessary for the execution of a permanent trust for charitable use since the adoption of the act of 1893; that trustees may be named who have control of a charitable trust, and that the Supreme Court in a proper case must take upon itself such execution over which it shall have control where a trustee is not named for the purpose. The court held that the act of 1893 (Chap. 701, as amd.), known as the Tilden Act, restored the ancient law touching charitable uses for indefinite beneficiaries. The 10th paragraph of the will in the case of *Allen* v. *Stevens* (*supra*) gave all the rest and residue of the property to trustees for the purpose of founding, erecting and maintaining a home for the aged. The will contained no authority nor direction regarding the formation of a corporation

for the purpose of continuing the charitable trust. It held that the trustees were charged with the management and conduct of the trust. The 11th paragraph of the will limited the holding of the property longer than two named lives. The court said (at p. 148): " In this case trustees were named, and, as the eleventh clause of the will expressly prohibits the trustees from holding any portion of the testator's property longer than the lives of the two persons in being therein named, it must be held that the trustees are charged with the management and conduct of the trust until the expiration of a period measured by the two lives in being, at which time the title to the trust property will vest in the Supreme Court under the statute."

It was further claimed that the tenth provision of the will in *Allen* v. *Stevens* (*supra*) was void as to one-half of the remainder of the testator's estate under section 1, chapter 360 of the Laws of 1860, which is identical with section 17 of the Decedent Estate Law as it existed at the time of the death of the testator in the instant case. With reference to this contention, Chief Judge PARKER said: " The testator gives about twenty-five thousand dollars, or less than one-seventh of his estate, to organizations that are within the description of the statute, and in addition to that the residuary devises and bequests are charitable, and, therefore, within the general description of the statute; but as such devises and bequests are not to a ' society, association or corporation in trust or otherwise,' but instead to trustees, they are not within its prohibition."

Judge CRANE, writing for the court in *Decker* v. *Vreeland* (220 N. Y. 326, 334) (1917) differentiates the case of *Allen* v. *Stevens* (*supra*), and says: " I think that the words of the *Allen* case, peculiarly applicable to the Graves will, were not intended to apply to an express trust for the benefit of a charitable corporation or association. There would be no reason for making the beneficial provisions of section 17 apply to a direct gift to charity but not to an express trust for such a charity. In fact, reason would be against such a construction, as it would appear to be an attempted evasion of the law."

It is clear that in the instant case an express trust for the benefit of a corporation or association was not attempted nor created. In *Jones* v. *Kelly* (170 N. Y. 401) (1902), the opinion being written by the same chief judge, it was held that where the trustees named are to turn over the subject of the trust to charitable corporations, such beneficiaries are virtually legatees, and a different rule applies than the one laid down in *Allen* v. *Stevens* (*supra*).

In the instant case the learned counsel for Duffy contends that

the sixth provision of the codicil, which empowers the trustees to procure an incorporation under the laws of New York, effects a gift to a corporation, which causes section 17 of the Decedent Estate Law to become applicable. In *Matter of Juilliard* (238 N. Y. 499) the gift for charity was first to the executors as trustees " *with a direction* " to them to form a corporation and transfer the fund to such corporation for administration, and provided further that if they fail to do that within a certain period, the fund should go over to others. The Court of Appeals held that the gift to the charity was immediate and that the trustees took no immediate estate. In that case there was no precedent gift to private persons. The gift to the corporation was absolute. In *Maynard* v. *Farmers' Loan & Trust Co.* (208 App. Div. 112, 116; affd., 238 N. Y. 592); *Matter of LeFevre* (233 id. 138) and *Matter of Potts* (205 App. Div. 147; affd., 236 N. Y. 658) words of direction for the formation of a corporation were used. The 6th paragraph of the codicil of the will in the instant case falls far, far short of an express direction to bring into being a corporation. No words of direction or command are used. After creating certain prior estates and making the gift to the charity trustees, in addition to the powers already conferred upon them, they are only " authorized and empowered " to procure an incorporation, " provided it will not in any respect invalidate the provisions of my will disposing of my residuary estate." " If deemed necessary to the more effectual and convenient carrying out of said provisions." Purely precatory words.

If the contention of the learned counsel for the heirs at law is sound — that the words " authorize and empower " are as forceful as words of express direction — paragraph 6 of the codicil must fail. It would invalidate the provision of the will disposing of the whole residuary estate to charity trustees, and nullify the expressed intention of the testator. This paragraph is self-eliminating.

The term " authorize and empower," as used in paragraph 7 of the codicil, is to be construed as vesting a discretionary power in the trustees. These words should be read in their natural and ordinary sense. (*Matter of Armstrong* v. *Murphy, No. 1*, 65 App. Div. 123.) It is a grant of authority, not a direction or command to exercise it, nor does it impose an imperative duty. (*Commonwealth* v. *Heller*, 219 Penn. St. 65.)

The word " corporation " has a definite legal meaning and differs essentially from an " association," which may or may not be incorporated. (*Matter of Graves*, 171 N. Y. 40, 47.) It cannot be soundly or logically argued that two or three trustees of a charitable trust become an " association " as the word is used in section 17

of the Decedent Estate Law. Any reasonable or clarifying definition of the word "association" may not be interpreted to include any person selected by a testator to execute a trust created by him. That term usually means an unincorporated organization, composed of a body of men partaking and assuming in its general form and mode of procedure with the characteristics of a corporation. Such an association cannot be the donee of a bequest, even for charitable purposes. (*Pratt* v. *Roman Catholic Orphan Asylum*, 20 App. Div. 352; *Matter of Graves*, 66 id. 267, 271; revd., 171 N. Y. 40, upon other grounds; *Fralick* v. *Lyford*, 107 App. Div. 543; affd., 187 N. Y. 524.)

Nor can the court agree with the learned counsel for the heirs at law that the authority to declare that the trustees shall become constituted a "board of trustees," creates a "corporation," as the word is used in section 17 of the Decedent Estate Law. Such a board would not come within the legal classification of corporations as defined by the General Corporation Law (§ 2, and the subsequent sections thereof). But here there is no *direction* to form a board of trustees. There is only *authority* granted, provided it may lawfully be done.

I do not understand that the rule laid down in *Allen* v. *Stevens* (*supra*) has been modified except by the Legislature, when it amended section 17 of the Decedent Estate Law by chapter 301 of the Laws of 1923 by adding after the word "corporation" the words "*or purposes.*" The court did not overrule, change or modify its decision; the lawmakers did, however, by statute law. Obviously, such legislative enactment was to overcome the rule of law laid down in *Allen* v. *Stevens* (*supra*).

It is my opinion that the gift to trustees for the public charity under testator's will falls within the rule laid down in *Allen* v. *Stevens* (*supra*) and the gift being to trustees is not in contravention of section 17 of the Decedent Estate Law, as it existed at the date of the testator's death.

We have a gift to individuals for charitable uses, and not within the purview of section 17 of the Decedent Estate Law, as it existed in 1919. The property is permanently in the trustees, the income to be used for specific purposes. The will directs the trustees named to execute themselves a continuing trust and vests in the trustees a lasting title to the property so devised. The legal title is in the trustees, and in the event of their death, resignation or inability to act the execution of the trust devolves on the Supreme Court. (*Allen* v. *Stevens, supra; Matter of Groot*, 173 App. Div. 436; affd., 226 N. Y. 576; *Stewart* v. *Franchetti*, 167 App. Div. 541, 547; *Matter of LeFevre*, 233 N. Y. 138, 142, which carries the same into

effect by a trustee appointed by it.)   The trustees are not compelled by the terms of the will to bring into being a corporation.   The charity trustees take as remaindermen, and the corpus of any trust which has terminated becomes vested in the charity trustees pursuant to the terms of the will, charged with the duty of executing the trust.   (*Rothschild* v. *Schiff*, 188 N. Y. 327.)

Having resolved the primary question in favor of granting the whole remainder estate to the trustees of the charity trust, it becomes unnecessary to take up for consideration the secondary questions raised by the learned counsel for the heirs at law.

Submit decree upon notice to all counsel appearing.