In the Matter of the Petition of JAMES P. DUFFY and Others, to Open and Modify the Decrees of this Court Made and Entered in Connection with the Judicial Settlement of the Accounts of Proceedings of the Executors of and Trustees under the Last Will and Testament of JAMES S. MERRITT, Deceased, and to Construe Said Will.

DAVID J. KELLY, JR., and HAROLD V. TOOHILL, as Trustees, etc., of JAMES S. MERRITT, Deceased, and JOHN J. BENNETT, JR., Attorney-General of the State of New York, Appellants; JAMES P. DUFFY and Others, Respondents.

Second Department, December 11, 1939.

*Arthur R. Wilcox*, for the appellants-trustees.

*David Moses, Assistant Attorney-General [John J. Bennett, Jr., Attorney-General*, with him on the brief], for the appellant Attorney-General.

*John W. Davidson*, for the respondents.

HAGARTY, J. James S. Merritt died a resident of Westchester county on the 7th day of April, 1919, leaving a last will and testament which was admitted to probate by the Surrogate's Court of Westchester county on the 12th day of April, 1919.

By the terms of the will, after provision was made for certain general and specific legacies, the residue of the estate was given to designated trustees for the purpose of establishing, and forever maintaining, a lodging house in the village of Port Chester for the benefit of indigent persons, and to be named for the mother of the testator. The will further provided that should any legacy fail such legacy so failing should become a part of the residuary estate, and that if the residuary estate should fail " I give the same to my said sister, or, if she predeceases me, to her lineal descendants in equal portions, *per stirpes.*"

The account of the executors and trustees named in the will was judicially settled and the will construed by decree of the Surrogate's Court of Westchester county, entered on the 7th day of July, 1925. The trust provision was sustained as a valid trust for charitable purposes. (*Matter of Merritt*, 124 Misc. 709; affd., 222 App. Div. 773; affd., 249 N. Y. 532.) The court, however, expressly refrained from passing upon the adequacy of the trust fund as affecting the validity of the trust.

The original executors and trustees having died since the entry of the decree of July 7, 1925, the appealing trustees are their successors and are in possession of the trust fund, which fund does not exceed the sum of $65,000. It is conceded by all the parties to this proceeding that the fund is inadequate to carry out the provisions of the trust. The testator's sister referred to in the will, Irene Duffy, predeceased the testator, and the responding petitioners are her lineal descendants, amongst whom the trust fund has been directed to be distributed by the decree under review, in accordance with the gift over provision of the will.

The primary question involved is whether the *cy pres* doctrine is applicable, as urged by the Attorney-General. The language of the will is sufficient to create a valid trust for charitable purposes

(*Matter of Merritt, supra*), but the trust fund in the hands of the trustees is insufficient and the trust cannot be administered in the manner directed by the testator. Therefore, it becomes inoperative and fails, within the meaning of the language of the will and, in accordance with the express provisions thereof, passes to the lineal descendants of the testator's sister. (*Matter of Fletcher*, 280 N. Y. 86.)

There is no merit to the claim that the decree of July 7, 1925, is *res judicata*. The trust fund is now in the hands of the trustees pursuant to that decree and subject to the terms of the trust. But administration of the trust, concededly, is impossible, so the trust fails. The entry of the decree settling the accounts of the executors and directing the payment of the trust fund to the trustees is not inconsistent with the present decree, which but reopens and modifies the earlier decree for the purpose of carrying out the mandate of the will, particularly since the surrogate had no jurisdiction to pass on the question now presented, and expressly refrained from passing upon it. It was not until 1931 that the jurisdiction and power of the Surrogate's Court were extended to the administration of charitable bequests by amendment of section 12 of the Personal Property Law (Laws of 1931, chap. 562, § 8) and section 113 of the Real Property Law (Laws of 1931, chap. 562, § 9) by conferring upon the Surrogate's Court concurrent jurisdiction with the Supreme Court in that respect.

The decree should be affirmed, with costs to all parties filing briefs, payable out of the estate.

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, ADEL and TAYLOR, JJ.

Decree of the Surrogate's Court of Westchester county unanimously affirmed, with costs to all parties filing briefs, payable out of the estate.