Samuel Fails, S.
The petitioners have instituted a construction proceeding to determine whether the trustees have the power to designate and select charitable beneficiaries to receive the income and corpus of certain trusts created under article 1 ‘ seventh ’ ’ of the will, which, under the terms of the will, are to be devoted to charitable purposes upon the death of certain income beneficiaries.
The testator died on June 27,1944, and his will, dated August 12, 1943, was duly admitted to probate by a decree of this court dated August 1, 1944.
Under article ‘ ‘ seventh ’ ’ the testator gave his entire residuary estate to his trustees and directed them to hold it in trust *202 and pay one third of the income to his son, one third of the income to his daughter, and the remaining one third of the income as follows: “ (c) One-third (%) thereof to or for the use of such political subdivisions of the State of New York for exclusively public purposes and/or to or for the use of such corporations organized and operated exclusively for religious, charitable, scientific, literary or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals and/or to or for the use of such fraternal societies, orders or associations operating under the lodge system, as my said trustees may, at any time or from time to time, in their absolute and uncontrolled discretion, select and designate. ’ ’
The testator further directed that upon the death of either his son or daughter, the trustees apply the income from the share of either child so dying to the beneficiaries and for the purposes provided in paragraph “ c ” above quoted. During the lives of both children or the survivor, the trustees are given discretion to apply all or any part of the principal of the trust created under paragraph “ c ” {supra) to the beneficiaries and for the purposes set forth therein. Upon the death of both of testator’s children, the trustees are empowered to pay all or any portion of the principal of the residuary estate to the beneficiaries and for the purposes provided for by paragraph “ c ” {supra).
The trustees have exhausted the corpus of the trust created under paragraph “ c ” for the purposes therein authorized and now seek a determination as to whether or not they are presently authorized and empowered to make a binding selection and designation of charitable beneficiaries to receive future payments of principal and/or income from the trusts created for the benefit of testator’s children, both of whom are still living.
In a former decision of this court it was determined that the decedent, under paragraph “ c ” of article 11 seventh ’ ’ of his will, had made a valid charitable gift. {Matter of Manville, 57 N. Y. S. 2d 439.) In another construction proceeding relating to this estate, the court determined that under article ‘ ‘ seventh ’ ’ of his will the testator had created three separate trusts and that article “seventh” “contemplates that the corpus be divided into three trusts of equal shares, with discretion in the trustees to regard the fund as a single unit for the purpose of administration ’ ’ (Matter of Manville, 109 N. Y. S. 2d 375, 377; 102 N. Y. S. 2d 530).
In Rothschild v. Schiff (188 N. Y. 327) the testator directed that upon the death of his wife his residuary estate be paid to certain named individuals for the purpose of enabling them to *203 create a charitable or educational institution in the city of New York. The Court of Appeals in a decision by Haight, J., held that the trustees had the power to select the ultimate remainder-man of the trust principal during the lifetime of the testator’s widow. The court after considering the opposing contentions that on the one hand the trustees should not be permitted to exercise such power of selection until the death of the life tenant, for the reason that the character of the institution selected by them might change and become objectionable, and on the other hand, that they, the trustees, should act promptly in order to enable the persons selected by the testator to exercise their united judgment and discretion during their lifetime, stated at page 333: “ These contentions, however, present reasons which may properly be considered by the trustees in enabling them to determine when they should take final action in the matter, and no duty now devolves upon the court to direct them to act at any particular time ’ ’.
In the instant case, the testator conferred broad discretionary powers upon his trustees with respect to the designation and selection of the charitable beneficiaries. The entire tenor of the will leads to the conclusion that under the broad discretion vested in the trustees by the testator, such trustees are authorized and empowered to select the ultimate beneficiaries to receive the principal of the trusts created under paragraphs “ a ” and “ b ” of article “ seventh ” prior to the death of the life tenants.
The Attorney-G-eneral has not opposed the construction sought by the trustees. However, although the court has determined that the trustees presently have the power and authority to select and designate the ultimate beneficiaries of the trusts, the court is under no duty to determine when such final action should be taken. (Rothschild v. Schiff, supra.) Such final action should be taken only after a full consideration of all relevant factors in order to determine whether or not, in the exercise of sound discretion, such selection should be made now or at some later time or times during the lifetime of the respective income beneficiaries, or such exercise of discretion should await in whole or in part the termination of the express trusts.
Settle decree.