■ In the Matter of the MOHONK TRUST, Appellant, v BOARD OF ASSESSORS OF THE TOWN OF GARDINER, Respondent. (Action No. 1.) In the Matter of the MOHONK TRUST, Appellant, v BOARD OF ASSESSORS OF THE TOWN OF GARDINER et al., Respondents. (Action No. 2.)—Consolidated appeals from separate judgments of the Supreme Court, entered December 10, 1976 and November 9, 1977 in Ulster County, upon decisions of the court at a Trial Term without a jury, which denied petitioner's applications for tax-exempt status in three proceedings pursuant to article 7 of the Real Property Tax Law for the taxable years (taxable status dates) May 1st of 1974, 1975 and 1976. Judgments affirmed, without costs, on the decision of Pennock, J., at Trial Term. (See, also, *Swedenborg v Lewisohn,* 40 NY2d 87.) Sweeney, J. P., Staley, Jr., Larkin and Herlihy, JJ., concur; Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I dissent and vote to reverse. Petitioner is an express trust created by agreement between Mabel C. Smiley (the donor) and six named trustees in 1963. Beginning in 1966 the trust acquired several parcels of real property totaling about 5,150 acres, of which 1,801 are in the Town of Gardiner. Much of the land was transferred by the Smiley family at a price substantially below market value. The trust agreement quite certainly was intended to create a trust solely for public purposes as it provides, in part, as follows: "The purposes of this Trust are to devote and apply the property by this instrument vested in the Trustees and the income to be derived therefrom exclusively for charitable, religious, scientific, literary, or educational purposes, either directly or by contributions to organizations duly authorized to carry on charitable, religious, scientific, literary, or educational activities; provided, however, that no part of this Trust fund shall inure to the benefit of any private shareholder or individual, and no part of the direct or indirect activities of this Trust shall consist of carrying on propaganda, or otherwise attempting to influence legislation, or of participating in, or intervening in (including the publication or distribution of statements), any political campaign on behalf of any candidate for public office." The agreement has further provisions as to its "purposes" and the manner in which it was intended that the purposes be accomplished; however, the further provisions are expressly linked with the above-quoted portion of the agreement by the limiting phrase "in harmony with the foregoing". The respondents denied tax-exempt status and the petitioner commenced a special proceeding pursuant to article 7 of the Real Property Tax Law for the tax years 1974 and 1975. The Trial Justice determined that the property was not entitled to an exemption primarily because it was not *used* for one of the exempt purposes set forth in section 421 of the Real Property Tax Law (hereinafter referred to as section 421). Subsequently, the petitioner challenged the 1976 assessment. That proceeding came before a different Trial Justice who held that the petitioner could not qualify for an exemption pursuant to section 421 because it was not a corporation or association and thus, not an exempt *entity.* Section 421 provides, in pertinent part, as follows: "1. (a) Real property owned by a corporation or association organized or conducted exclusively for religious, charitable, hospital, educational, moral or mental improvement of men, women or children or cemetery purposes, or for two or

more such purposes, and used exclusively for carrying out thereupon one or more of such purposes either by the owning corporation or association or by another such corporation or association as hereinafter provided shall be exempt from taxation as provided in this section." The questions raised on these appeals are whether the petitioner is an exempt entity within the meaning of section 421 and whether the property is being used for an exempt purpose. Whether the petitioner, being organized as a trust, meets the requirement of being a "corporation or association" is primarily a question of legal interpretation. In the case of *Matter of Graves* (171 NY 40, 47), the Court of Appeals, in construing statutory language substantially identical to section 421, held that trustees met the definition of *"association"* for purposes of being an exempt entity. The decision in *Matter of Graves (supra)* is controlling in this case as to whether the trustees are the equivalent of an association. To hold that the trust and/or trustees are not the equivalent of an association would be to elevate form over substance and would not be consonant with the principle that: "while exemption statutes should be construed strictly against the taxpayer seeking the benefit of the exemption, an interpretation so literal and narrow that it defeats the exemption's settled purpose is to be avoided." *(Matter of Association of Bar of City of N. Y. v Lewisohn,* 34 NY2d 143, 153 [citing *People ex rel. Watchtower Bible & Tract Soc. v Haring,* 8 NY2d 350, 358].) Accordingly, the petitioner is qualified to seek an exemption for the use of its real property pursuant to section 421. The remaining issue is a mixed question of law and fact as to whether the use of the property is exclusively for one or more of the purposes set forth in section 421, quoted above. The subject property is undisputedly utilized for what is generally considered conservation or environmental purposes and specifically is to be kept in its natural state. The study and research of land and wildlife are carried out in connection with a number of educational and other institutions. Further, the property is used for outdoor laboratories and classes by individuals, schools, colleges and other organizations; and, in addition, the property is used for recreation, hiking and camping activities by many individuals and groups such as Outward Bound, Phoenix House, Boy Scouts, etc. The primary question is whether such uses are charitable, educational or for the moral and mental improvement of men, women and children. In the case of *People ex rel. Untermyer v McGregor* (295 NY 237), the court held that property devoted to the use of a public park was within the scope of the exemption under a statute substantially similar to section 421 (see *People ex rel. Untermyer v McGregor,* 183 Misc 218, 220). The present use and the uses specified in the trust agreement qualify as exempted uses upon the basis of the *Untermyer* case. There is no evidence that the use is not exclusive or of a nonexempt nature. The property is open to the public generally and is not merely an enhancement of an adjoining resort that includes the trust lands in its advertising as an inducement to its patrons to vacation there. In summary, the record establishes that the petitioner met all of the requirements of section 421 for tax exemption for the years of 1974, 1975 and 1976. The judgments should be reversed, and petitions granted.