MONTPELIER SAVINGS BANK AND TRUST COMPANY et al *v.*

THE CITY OF MONTPELIER.

January Term, 1901.

Present:  TAFT, C. J., ROWELL, TYLER, MUNSON, START, WATSON and

STAFFORD, JJ.

Opinion filed November 19, 1901.

*Taxation—Funds held by savings banks and trust companies as
     trustees—Construction of statutes—Construction favored which is
     fair and just and in accord with settled legislative policy—A fund,*
     held as a special trust by a savings bank and trust company acting

as trustee thereof under appointment of court and authority conferred by its charter, is an "individual deposit" within the purview of V. S. 582, 583 and 584, as amended by No. 18, Acts of 1896, and the excess of such fund over $1,500 is subject to local taxation.

ACTION OF assumpsit to recover an amount of taxes paid under protest, returnable to the City Court of Montpelier. Upon an agreed statement of facts the court, *Wing,* Acting Judge, *pro forma* and without hearing, rendered judgment for the defendant.    The plaintiffs excepted.

William E. Harlow, guardian of the beneficiary of the trust in question, was joined with the savings bank and trust company as plaintiff.    The list on which the tax in question was assessed was one per cent of $21,500, that is $215, having been fixed at that sum by the board of civil authority of the city of Montpelier on appeal.

*Edward Goddard* for the plaintiffs.

*Frederick P. Carleton* for the defendant.

MUNSON, J.    The Montpelier Savings Bank and Trust Company is empowered by its charter to accept and execute all trusts committed to it by order of court or otherwise.    It holds, as trustee, by appointment of the Probate Court, a trust fund of twenty-three thousand dollars, created by will.    The beneficiary of this fund is a minor under guardianship.    The trustee has not treated the fund nor any part of it as a deposit in the bank except by virtue of its appointment and the will, and has kept the fund separate from the deposits and other moneys and property of the bank, and has accounted for its actual earnings to the Probate Court.    The suit is to recover the amount of the tax assessed upon this fund and paid the defendant under protest.    The plaintiffs claim that the only tax to which the fund is liable is that imposed by V. S. 582-584.    The defendant claims that the fund is within the general law relating to taxation, and liable to taxes assessed by the city under its charter.

The statute provides that every savings bank and trust company shall pay to the state treasurer a tax of seven-tenths of one per cent. "upon the average amount of its deposits, including money or securities received as trustee under order of court or otherwise," deducting therefrom, with other things, the amount of "individual deposits in excess of fifteen hundred dollars each;" and that no other tax shall be assessed on such deposits, except on individual deposits exceeding fifteen hundred dollars.

It is clear that the entire fund is included in the deposits which are exempted from general taxation, unless the part in excess of fifteen hundred dollars is to be deducted under the clause relating to individual deposits. It is apparent from the facts already stated that the bank has not treated the fund as a deposit in the ordinary sense of the term. Nor can it be said that the statute treats funds of this character as deposits in the ordinary sense. The clause which directs their inclusion with deposits speaks not only of money but of securities received by the trustee. So if the fund was received and held in the form of securities, these securities would be included in the total of deposits, although incapable of being a deposit in the ordinary sense.

So the question is reduced to this: whether it is apparent from the statute as a whole that the legislature, in directing the deduction of individual deposits, intended to have the term cover funds of this character. It is well settled that in a proper case the court may disregard even the plain letter of a particular provision, and give it the effect which the legislature evidently intended it should have. *Ryegate* v. *Wardsboro,* 30 Vt. 746.

It can hardly have been the purpose of the legislature to give banks acting as trustees an advantage over individual trustees that would compel the selection of the former to the exclusion of the latter. It can hardly have been its intention

to relieve from municipal taxation all the money that can be placed in trust. The results of this·provision, if given the effect claimed by the plaintiffs, will be so at variance with the settled policy of the legislature, that we can scarcely avoid the conclusion that another meaning was intended. In fact another meaning seems fairly apparent from the language employed. We think the word "individual" was not used to distinguish between ordinary bank deposits and funds held upon special trust, but to resolve the aggregate as previously made up into its several holdings as a basis for exempting fifteen hundred dollars of each. These funds had already been carried into the aggregate of "deposits" by special words of inclusion, and they were now by the use of this word restored to their individuality in common with the other funds that went to make up the aggregate.

*Judgment affirmed.*