## In Re Estate of Elihu B. Taft.

February Term, 1939.

Present: Moulton, C. J., Sherburne, Buttles, Sturtevant and Jeffords, JJ.

Opinion filed February 22, 1939.

*J. H. Macomber, J. H. Macomber, Jr.,* and *T. E. Hopkins* for the executor and administrator c.t.a.

*Erwin M. Harvey,* Commissioner of Taxes, and *Lawrence C. Jones,* Attorney General, for the State.

STURTEVANT, J. This case is certified to this Court by the judge of the probate court for the district of Chittenden in accordance with the provisions of P. L. 1060, and is here for the purpose of having a construction placed upon sec. 1048 of the Vermont inheritance tax law. A motion to dismiss these proceedings has been filed in this Court and to this we first give our attention. The record shows the following facts bearing upon questions raised by this motion.

Elihu B. .Taft, late of Burlington, died testate on January 13, 1929. Upon appeal his will was duly allowed by the Chittenden county court at the September term, 1929. Among the

provisions of this will appear the following: "My homestead property, at the southeast corner of Pearl and Williams Streets, in the City of Burlington, Vermont, I give and bequeath to the City of Burlington, Vermont, to be kept and maintained for school purposes—the buildings thereon to be torn down and the front steps and terrace removed, as they extend into the street."

"The rest and residue of my estate, real and personal and wherever situated, I give and devise to the City of Burlington, Vermont, with which to build a school house on my homestead lot. E.B.T."

At all times material herein Edmund C. Mower of said Burlington has been executor of said will and J. H. Macomber, also of said Burlington, has been administrator c. t. a. of the estate of said deceased. During all of said time Erwin M. Harvey of Montpelier has been commissioner of taxes of the State of Vermont, and is hereinafter referred to as the commissioner.

Said probate court, on December 21, 1938, found the devise and bequest to the city of Burlington taxable in the amount of $7,972.14 and on the same day made its final decree of distribution of said Taft estate. It also appears from the record that said probate court at a session thereof held at Burlington on August 4, 1938, upon application of said commissioner, in accordance with the provisions of P. L. 1063, after full hearing, did determine the value of the legacies to said city and that the inheritance tax due thereon was the sum of $7,972.14. No appeal was taken from this proceeding. After said determination, the sum of $125,000 was forthwith paid over to said city without the payment of any inheritance tax. On January 9, 1939, in accordance with the provisions of P. L. 1060, application was made to said probate court to certify certain parts of its findings and decree of December 21, 1938, to this Court.

P. L. sec. 1060, by authority of which this case has been certified to this Court, is as follows:

"Sec. 1060. *Certification of finding and decree.* When the legal construction of a part of this chapter is in dispute and the facts relating thereto have been determined by the probate court wherein the estate is being administered, the judge of such court shall, if an appeal is not taken, upon the written application of the administrator, executor or trustee of such estate and

the commissioner, filed therein before the time for an appeal has expired, certify to the supreme court such part of its finding and decree as relates to such construction, together with the contentions of the parties relating thereto, which shall be filed with such application. Proceedings under this and the preceding section shall be had in the same manner as is provided for appeals from the probate court to the supreme or county court.''

■ The commissioner contends that the right to appeal from the finding of said probate court that said bequest and devise was taxable, accrued to the parties interested on August 4, 1938, because of the above mentioned action of said court on that date and that the proceedings now before us having been started more than twenty days thereafter, viz., January 9, 1939, are out of time and therefore should be dismissed. This claim requires consideration of the provisions of P. L. sec. 1060, above quoted. It appears that proceedings to obtain the certificate as provided in this section can be instituted only when a right to appeal exists, and said proceedings must be started, if at all, before the time for taking said appeal has expired. The right to proceed under this section is upon the written application of the administrator, executor or trustee of the estate and the commissioner. The act also provides that proceedings to bring a case here under this section shall be had in the same manner as is provided for appeals from the probate court to the Supreme Court, that is, as provided in P. L. sec. 3001, which is as follows: ''Sec. 3001. *For what; manner of.* A person interested in an order, sentence, decree or denial of a probate court involving only a question of law may take an appeal therefrom directly to the supreme court in the manner provided in cases of appeals from the court of chancery.'' Chancery appeals are taken in accordance with the provisions of P. L. sec. 1321, which is as follows: ''Sec. 1321. *Appeals, restrictions.* A party may, by a written motion filed within twenty days from the filing of a final order or decree in the office of the clerk of the court in which the cause is pending, appeal therefrom to the supreme court, except when the bill is taken as confessed and a final decree made in consequence of the nonappearance of the defendant, or for the neglect of the defendant to make his answer agreeably to the rule or order of court, or when the decree is

for the foreclosure of a mortgage, unless by permission of the court."

It appears from the foregoing that the right to the certificate mentioned in P. L. sec. 1060 is secured by filing the application as therein provided during the time that an appeal may be taken to this court, viz., "within twenty days from the filing of a final order or decree."

P. L. sec. 1063 under which the proceedings before the probate court were had on August 4, 1938, is as follows: "Sec. 1063. *Determination upon application; notice.* The probate court having jurisdiction of an estate may, at any time, or upon the application of the commissioner or a legatee, heir, administrator, executor or trustee of such estate, determine, so far as possible, the value of all legacies and distributive shares passing to persons who are liable to the tax imposed by this chapter, and the amount of taxes due therefrom. Notice of such application and of the time and place of the hearing shall be given in the same manner as in case of the settlement of accounts by administrators and executors."

The determination of the value of a legacy or distributive share of an estate passing to any persons liable to the tax imposed by this chapter, P. L. chapter 45, and amount of taxes due therefrom as in this section authorized may be had at any time, even before the amount of debts has been ascertained or before any other matter which will affect the value of such share has been finally determined. Hence the provision in the section that "the probate court * * * * may * * * * determine, so far as possible * * * *." This may be done by the court on its own motion and when done in this manner no hearing or notice to the commissioner or any party in interest or to the administrator or executor is required as to such proposed action. It is only when the action of the court is initiated by the applicaton of some of the persons authorized so to apply that notice of the application and of the time and place of the hearing must be given. P. L. sec. 1064 provides for notice in writing to the commissioner of the findings and decree respecting the matter specified in sec. 1063 and the commissioner shall also be notified of the date on which decree was made. When such notice must be given is not specifically stated. No provision is made for such notice to persons in interest or to the ad-

ministrator, executor or trustee. P. L. sec. 1057, also a part of P. L. chapter 45, provides that "Upon the final settlement of the account of an administrator, executor or trustee, the probate court shall make the amount of the taxes imposed by the provisions of this chapter a part of the final decree of distribution * * * *."

It clearly appears from the foregoing that proceedings under P. L. sec. 1063 were not intended to be and in many cases could not be a final determination of the value of a distributive share of an estate or the tax to become due thereon. Any determination under the provisions of this section is interlocutory in nature and while it may be used for the convenience of the court or commissioner, this section, formerly G. L. 1106, together with P. L. 1052 and 1054, appears to be primarily for the protection of the executor, administrator or trustee. *In re Clark's Estate,* 100 Vt. 217, 222, 136 Atl. 389.

In the case before us the record shows that "The court under date of December 21, 1938, found the devise and bequest to the City of Burlington taxable in the amount of Seven Thousand Nine Hundred Seventy-two Dollars and Fourteen Cents ($7,972.14)." Hence it appears beyond any question that whatever the probate court did in determining the matter as to taxability of this devise and bequest on August 4, 1938, was not final because further action concerning this matter was taken by said court December 21, 1938. It was on this last named date that the matter was finally determined and final decree issued. The proceedings for certification of this case were begun before the time for taking an appeal from this decree had expired, hence the case is properly here for our consideration and the commissioner's motion to dismiss is denied.

We now take up the next question, viz.: Do the provisions of P. L. sec. 1048 require the city of Burlington to pay an inheritance tax on the distributive share of said Elihu B. Taft estate which said city is to receive in accordance with the provisions of the will hereinbefore set forth? This section reads as follows: "Sec. 1048. Collateral inheritances. Each person other than the father, mother, husband, wife, lineal descendant, stepchild, child adopted as such during his minority in conformity with the laws of this state, child of a stepchild or of such adopted child, wife or widow of a son, or husband of a daughter of a

decedent, a bishop in his ecclesiastical capacity for religious uses within this state, or a city or town within this state for cemetery purposes, and every charitable, educational or religious society or institution other than one created and existing under and by virtue of the laws of this state and having its principal office herein, that shall receive in trust or otherwise a legacy or distributive share consisting of or arising from real estate within this state or any interest therein owned by such decedent at the date of his death, and passing by will, the laws of descent, or a decree of court in this state, or that shall receive in trust or otherwise a legacy or distributive share consisting of or arising from personal estate or any interest therein so passing from such decedent who at the date of his death was an inhabitant of this state and then owned such personal property, shall, except as otherwise provided in this chapter, pay to the state a tax of five per cent of the value in money of such legacy or distributive share.''

In considering the question before us we should have in mind certain established principles here pertinent, viz.:

■■ It is not the policy of the State to subject its own property, nor that of its municipalities, which is devoted to a public use, to a general property tax. *In re Downer's Estate,* 101 Vt. 167, 174, 142 Atl. 78. It is also true as here claimed that there is an implied exemption in favor of property so owned and used which can be overcome only by most positive legislative enactment. *In re Downer's Estate, supra,* at page 174, 142 Atl. 78; *Stiles* v. *Newport,* 76 Vt. 154, 162, 56 Atl. 662. Also, the tax imposed by this statute is not a property tax, but is a condition placed by the State upon the privilege of taking property by devise or descent, which privilege is accorded by the State. *In re Downer's Estate, supra,* at page 174, 142 Atl. 78; *In re Estate of Hagar,* 98 Vt. 235, 126 Atl. 507; *In re Hickok's Estate,* 78 Vt. 259, 62 Atl. 724, 6 Ann. Cas. 578.

■ However, there is no question made but that the State has power to tax its own property and that of its municipalities, and that the State has this right is universally recognized. *In re Downer's Estate, supra,* at page 175, 142 Atl. 78. It is also well established that property exempt from a general property tax may be, and unless otherwise provided is, subject to an inheritance tax. *In re Downer's Estate, supra,* at page 175, 142

Atl. 78, and cases there cited on this proposition. With these principles in mind we now consider the scope and effect of the statute in question. Did the Legislature intend that a city as recipient of legacies of this character should be subject to the tax specified in this section? In considering this question, as in the Downer case above cited, we are mindful of the holdings of this Court in *In re Estate of Curtis*, 88 Vt. 445, 92 Atl. 965, respecting the liberal construction to be given to words of exemption found in this and similar statutes. As is stated in *In re Downer's Estate, supra,* at page 176, 142 Atl. 78, 81, "The intent of the Legislature is to be gathered from the statute itself, taken as a whole, if possible; if not, resort may be had to such extrinsic matters as the Legislature may presumably have had in mind at the time of its enactment." Also, see *In re James,* 99 Vt. 265, 271, 132 Atl. 40. This statute, in effect, provides, in clear and unmistakable terms, that every distributee, other than those specifically named in the list of exemptions therein set out, shall be subject to such tax. Appellants do not dispute this but contend that the city of Burlington is so named as being exempt in this case. They argue that certain duties which our laws require the city to perform, such as taking care of its poor, are charitable in their nature and that while all duties required of the city are not of this class, a part of them being so, the city is, therefore, a charitable institution created by the laws of this State and having its principal office herein and so intended by the Legislature to be included in the list of exemptions set out in this statute. Appellants have cited several cases from other jurisdictions in support of this contention. However, in none of these cases is a statute like the one we are considering given an interpretation, and hence these cases are of very little, if any, aid in a determination of the question before us. But a careful reading of the statute in question refutes this claim of appellants. The first two words of this statute, viz., "each person" as here used are broad enough to include cities and towns. That the Legislature so intended is made clear from what immediately follows, that is, the setting out of a specific list of recipients who are not to be required to pay the tax. The words "other than * * * * a city or town within the state for cemetery purposes," show conclusively that the Legislature, having used language including cities and towns as sub-

ject to this tax, intended to exempt such cities and towns from this requirement when the distributive share received is for cemetery purposes. A city or town receiving a distributive share of any estate for any other purpose is left subject to the tax. After the words last above quoted the Legislature went on to designate other recipients not before designated which should be subject to the tax. This shows that the Legislature did not intend to include cities and towns under the term charitable institution. The section first deals with the class of recipients including cities and towns, next with other named recipients, including charitable institutions. Hence it clearly appears that the term ''charitable institutions'' was not intended to include cities and towns.

It follows, therefore, that the Legislature intended that a city, receiving a legacy or bequest of the character and as provided by the terms of the will hereinbefore set forth, should pay the tax imposed by the provisions of this section. If there were any doubt about this, then a typical case for the application of the principle of interpretation—*expressio unius est exclusio alterius*—would be presented. As to cities, that which is expressed in the statute as exempt from the tax, viz., legacies ''for cemetery purposes,'' is so set over by way of strong contrast to that which is omitted, viz., legacies for other purposes, that the contrast forces the affirmative inference that whatever is omitted, viz., legacies of the latter class, must have been intended to have opposite and contrary treatment, that is, they are subject to such tax. *In re Downer's Estate, supra,* at page 177, 142 Atl. 78.

*Decree of probate court affirmed without costs. Let the result be certified to that court.*