CLYDE R. DAVIDSON *v.* WINONA C. DAVIDSON.

October Term, 1939.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed November 7, 1939.

*Arthur L. Graves* for the petitioner.

*Conant & Parker* for the petitionee.

JEFFORDS, J. This is a petition for suit money, counsel fees and costs to maintain litigation during the pendency of a libel for divorce. The petition prays only for an order for the same to maintain the litigation in this Court. There is contained therein a reference to orders of the court below as to counsel fees but the terms of such orders or the present status of the same are not stated. The parties have treated the petition under consideration as though it were the only one of its kind in the case and as entirely independent of, and having no connection with, any one of a similar nature heretofore presented and we so treat it. On hearing on the main case below judgment was entered for the libellee, petitioner here. Both parties filed bills of exceptions, the cause was passed to this Court and this petition was brought before hearing on the issues certified up. The petitioner claims that this Court has authority to grant said petition by virtue of P. L. 3142 which reads as follows:

> "After a libel for divorce is filed, the court in which the cause is pending, or a superior judge, may, on application of either party, on such notice to the adverse party as the court or judge directs, make such order in regard to temporary alimony and funds to support the wife and minor children, and maintain the litigation during the pendency of the libel, as is just."

This is the first time that we have been called upon to say whether the statute in question gives this Court the authority to give the relief prayed for. Cases from other jurisdictions are in hopeless conflict on this question. Most of them turn upon the construction of the wording of statutes or of constitutions and often of both and can be of such little help in construing our statute that we shall not attempt to discuss the divergent views expressed in them.

The question is, did the Legislature intend by the wording of the statute, "the court in which the cause is pending," to give this Court, in divorce cases brought to it on appeal, jurisdiction to make the order prayed for.

The great fundamental rule in construing statutes is to ascertain and give effect to the intention of the Legislature. *In re Estate of Woolley,* 96 Vt. 60, 64, 117 Atl. 370. In a proper case the Court may disregard even the plain letter of a particular provision, and give it the effect which the Legislature evidently intended it should have. *In re Estate of Curtis,* 88 Vt. 445, 451, 92 Atl. 965; *Montpelier Savings Bank* v. *City of Montpelier,* 73 Vt. 364, 366, 50 Atl. 1117; *Ryegate* v. *Wardsboro,* 30 Vt. 746.

In ascertaining this intention certain other sections of chapter 140 of the Public Laws, of which sec. 3142 is a part, are helpful. Sec. 3133 provides as follows:

> "County courts shall hear and determine libels for divorce and for affirming or annulling the marriage contract and may issue process of attachment, execution and other proper process, necessary for the dispatch and final determination of such causes. The judges of the county court shall be triers of questions of fact as well as of law; their determination of questions of fact shall be final; and exceptions may be taken and questions of law heard in the supreme court as in other causes."

Section 3173, the final section in this chapter, reads as follows:

> "The county court may, in cases where the course of proceedings is not specially prescribed, hear and

determine matters coming within the purview of this chapter, according to the usages of law applicable to such cases.''

It cannot be questioned but that the order prayed for must be based on facts which must be determined by the trier. It seems clear to us that the two sections last referred to show that the Legislature intended that the county courts and not this Court should be the triers of all questions of fact arising in or springing from divorce libels.

With certain exceptions not here important this Court is a court of errors. We sit in review, only. *Alfred* v. *Alfred*, 87 Vt. 542, 545, 90 Atl. 580. The petition in question presents nothing for review. It is an original matter. It is apparent from the wording of sec. 3133 that the Legislature recognized the jurisdictional limitations of this Court and plainly indicated that they should not be altered in divorce cases.

In the interpretation of statutes others *in pari materia* must be given attention. *State* v. *Baldwin*, 109 Vt. 143, 148, 194 Atl. 372. Such a one is sec. 3141 which reads as follows:

> ''After the filing of a libel to annul a marriage or for a divorce, the county court in which the cause is pending, or superior judge, may, on the petition of the wife, prohibit the husband from imposing restraint on her personal liberty during the pendency of the libel, and may, on the application of either party, make such order concerning the care and custody of the minor children of the parties, during the pendency of the libel, as is deemed expedient and for the benefit of the children.''

When sec. 3142 is read in connection with sec. 3141 it seems clear that when the Legislature used the words, ''the court in which the cause is pending,'' it intended that such court be the county court where the libel was filed and in which the cause is pending as stated in sec. 3141. To hold that it meant this Court if some part of the case were here on appeal would do violence to the provisions of sec. 3133.

An added reason for reaching our conclusion is the granting of concurrent jurisdiction in making the order to the

court and a superior judge. It is much more reasonable to believe that the Legislature intended such court of concurrent jurisdiction to be the county court where facts are tried rather than this Court of review.

■ It might be argued that, when the cause was passed to this Court by order of the presiding judge in the bills of exceptions, pending our decision in the matter this Court would be the only one in which the cause is pending. But under our practice the judgment of a trial court in an action at law is not vacated by the allowance and filing of a bill of exceptions, but it still remains valid until reversed or annulled. The whole case does not come to this Court for review, but only so much of it as is covered by the assignments of error of the excepting party. *Firestone Tire & Rubber Co.* v. *Hart's Estate,* 104 Vt. 197, 201, 158 Atl. 92; *Essex Storage Electric Co.* v. *Victory Lumber Co.,* 93 Vt. 437, 444, 108 Atl. 426. The case except for that part taken up by the bills of exceptions is still pending in the county court. The matters included in the petition, not being covered by the bills, should be heard and determined in that court or by a superior judge during the pendency of the libel. Such pendency continues, of course, until there has been a final determination of the whole case. It is needless to point out the many reasons why the county court is a much better forum for the determination of the issues presented by the petition than this Court would be. It should also be needless to state that neither the county court nor a superior judge would have any jurisdiction over any matter covered by the assignment of errors in a bill of exceptions while the case was pending in this Court for determination of the same.

We hold that jurisdiction to hear the petition and make an order thereon lies either in the county court where the libel was filed or with a superior judge and not in this Court. Consequently:

*The petition is denied.*