406

**CARPENTER et al. v. BASS et al.**
**No. 2091.**

Court of Civil Appeals of Texas. Eastland.
June 28, 1940.

Rehearing Denied July 19, 1940.

Gerald C. Mann, Atty. Gen., Morris Hodges, Asst. Atty. Gen., and James W. Peavy, Geo. W. Barcus, and Ocie Speer, all of Austin, for appellants.

T. J. McMahon and Hudson Smart, both of Abilene, for appellees.

FUNDERBURK, Justice.

Three partnerships, in the retail drug business, operate at three separate places of business in the city of Abilene, under the names of McLemore-Bass Drug Company No. 1; McLemore-Bass Drug Company No. 2; and McLemore-Bass Drug Company, No. 3. The partners composing the firm of McLemore-Bass Drug Company No. 1 are H. J. Bass, J. B. Ray and Mrs. A. P. McLemore. Those composing McLemore-Bass Drug Company No. 2 are the same as No. 1, together with George D. Graves. Those composing McLemore-Bass Drug Company No. 3 are the same as No. 1, together with Henry K. Bass. The members of said three partnerships joined as plaintiffs in bringing this suit which is an action permanently to enjoin the members of the Texas Unemployment Compensation Commission from collecting or attempting to collect from said three partnerships, or any of them, or from any

of the co-partners forming such partnerships, "contributions" or taxes claimed by said Commission to be due by the plaintiffs as an "employer" under the provisions of the Unemployment Compensation Act (Vernon's Ann.Civ.St., arts. 5221b—1 to 5221b—22, inclusive).

The defendants, in addition to defensive pleas consisting of a general demurrer and general denial, asserted a cross-action to recover the "contributions" or taxes, the collection of which was sought by plaintiffs to be enjoined.

In a non jury trial the judgment declared that plaintiffs were not liable for payment of said taxes; awarded plaintiffs the injunction prayed, and provided that defendants take nothing by their said cross-action.

The defendants have appealed.

No question is made of the sufficiency of the pleadings or of the absence of necessary or proper parties to the action or cross-action.[1]

The learned trial judge, upon due request, filed conclusions of fact and law. One conclusion, purportedly a conclusion of fact, was that "each of said partnerships are separate and distinct organizations and partnerships, neither having any *control* or supervision over the other." (Italics ours.) As to control of McLemore-Bass Drug Company No. 1, a further conclusion was that "it is in the active *control* and management of the managing partner, J. B. Ray, whose rights as managing partner, are vested pursuant to the terms of an oral contract by the parties comprising said firm * * * entered into at its inception * * * and as such dictates and *controls* the policy of said business with *exclusive control* and supervision over the drug business of said firm as same is operated in Abilene, Taylor County, Texas, on Pine Street in said city, and as such managing partner employs all servants, agents and clerical assistance in connection with the business of said partnership." (Italics ours.)

As to control of McLemore-Bass Drug Company No. 2, it was the further conclusion, purportedly of fact, that "the active *control* of the partnership affairs of the firm of McLemore-Bass Drug Company No. 2 is exclusively vested in the managing partner George D. Graves, pursuant to the terms of an oral contract between the members of said partnership at the time of its creation. * * * that the said George D. Graves, as managing partner of the partnership known as McLemore-Bass Drug Company No. 2, conducts and *controls exclusively* the business of said firm and as such dictates and *controls* the policy of said business and the manner and means of conducting same, and as such managing partner employs all agents, servants and employees employed in connection with the same and discharges such agents, servants and employees." (Italics ours.)

As to control of the business of the third partnership, the conclusion was "that the active *control* of the partnership affairs of the firm of McLemore-Bass Drug Company No. 3 is *exclusively* vested in the managing partner, H. K. Bass, pursuant to the terms of an oral contract between the members of the said partnership at the time of its creation. * * * that the said H. K. Bass * * * conducts and *controls exclusively* the business of said firm and as such [managing partner] dictates and *controls* the policy of said business and the manner and means of conducting same, and as such managing partner employs all agents, servants and employees employed in connection with the same and discharges such agents, servants and employees." (Italics ours.)

A further conclusion applicable to all three partnerships was that "none of said partnerships control[s] any other business or institution of any character."

Neither of the said three partnerships ever at any time employed as many as eight employees at one time, including the respective managing partners of said firms.

Other than an assignment suggesting a matter of fundamental error, the only actions or rulings of the court assigned as errors are (1) "in rendering judgment for the plaintiffs for a perpetual injunction restraining the collection of the contributions or taxes by the defendants" and (2) "in not rendering judgment for the de-

---

[1] It may be doubted, we think, whether the defendants—that is, the members of the Texas Unemployment Compensation Commission—could, as such, maintain the cross-action for recovery of the taxes in view of the provisions of Vernon's Ann. Civ.St., art. 5221b—15, to the effect that any civil action to enforce the provisions of the law shall be instituted in the name of the State and of the Attorney General.

fendants, instead of for the plaintiffs, for the sums of money sought by the defendants on their cross-action." There is, therefore, no question presented of whether there was no evidence or insufficient evidence to support any of the conclusions of fact or law, other than may be involved in the suggestion of fundamental error. It, therefore, appears that if the question of *control* was an issue of fact, that issue was determined in such way that no judgment other than the judgment rendered was warranted by the judge's conclusions of fact and law. Clearly, if such issue of fact was involved the court did not err in either of the respects challenged by said assignments of error in rendering said judgment.

Appellants' suggestion of fundamental error under the heading "Third Assignment of Error" is as follows: "The judgment is fundamentally wrong in this: The pleadings of the plaintiffs are insufficient and state facts affirmatively showing that they are not entitled to the relief given them by the judgment, but, on the contrary, are liable for the contributions or taxes claimed by defendants herein, for which error appellants pray this court to reverse and render the cause."

The question for decision as thus presented is whether or not plaintiffs by their said pleading alleged facts showing as a matter of law that they, together, constituted an "employer" of eight (8) or more employees under the provisions (including definitions of terms) of said "Unemployment Compensation Law." Among its many and complicated provisions, said Act includes one imposing liability for the payment of "contributions." We assume that such "contributions" constitute taxes imposed for revenue. The liability for the payment of such "contributions" or taxes is imposed only upon "employers" in a particular sense. Under said Act each of said three partnerships is an "employing unit." An " 'employing unit' means any individual or type of organization, including any *partnership,* association, trust, estate, joint-stock company, insurance company, or corporation, whether domestic or foreign, or the receiver, trustee in bankruptcy, trustee or successor thereof, or the legal representative of a deceased person, which has or subsequent to January 1, 1936, had in its employ *one or more* individuals performing services for it within this State." (Italics ours). (Under ex-

ceptional circumstances, not here involved, the definition is somewhat further extended.) Vernon's Ann.Civ.St. art. 5221b—17(e). The "contributions", or taxes, are not imposed upon an "employing unit" as such. An "employing unit" under the definition may, or may not, be an "employer" upon whom only liability for payment of the contributions or taxes is imposed.

"An employer" is an "employing unit" which, in specified manner and time, "has or had in employment eight (8) or more individuals (irrespective of whether the same individuals are or were employed in each such day)", or "any employing unit which together with one or more other employing units, is owned or controlled (by legally enforceable means or otherwise) directly or indirectly by the same interest, or which owns or controls one or more other employing units * * * and which, if treated as a single unit with such other employing unit, would be an employer" which is to say, "has or had in employment eight (8) or more individuals". Vernon's Ann.Civ.St. art. 5221b—17, subsec. (f) pars. 1 and 4.

Under the facts there is eliminated, we think, any question of a common *ownership* of all three "employing units" by the same *interest* or by one or more of such "employing units." No single interest, and no one or more of the employing units *owned* all three of the employing units. The question of whether the plaintiffs constituted an "employer" in the sense that only *employers* are subject to the tax is dependent upon whether or not, as a matter of law, all the three employing units are *controlled* (by legally enforceable means, or otherwise), directly or indirectly, by the same interest or by one or more of said employing units.

The question does not involve an *exemption* from taxation, of the nature of which the rule of liberal construction in favor of the taxing authority and strict construction against the one claiming the exemption, is applicable. 40 Tex.Jur. 109, sec. 74; 26 R.C.L. 313, sec. 274; 61 C.J. p. 392, sec. 396. On the contrary, the question is whether or not the plaintiffs come within the statutory provisions imposing the tax. In such case, contrary to the rule relating to *exemptions* the applicable rule of construction is that the statute should be construed strictly against the taxing authority, and liberally in favor of

one sought to be held liable for the tax. The principle of the latter rule is dealt with in the following authorities: 61 C.J. p. 392, sec. 395; Eidman v. Martinez, 184 U.S. 578, 583, 22 S.Ct. 515, 517, 46 L.Ed. 697; United States v. Goelet, 232 U.S. 293, 298, 34 S.Ct. 431, 58 L.Ed. 610; Bowers v. New York & A. L. Co., 273 U.S. 346, 350, 47 S.Ct. 389, 390, 71 L.Ed. 676, 679; United States v. Merriam, 263 U.S. 179, 188, 44 S.Ct. 69, 72, 68 L.Ed. 240, 244; Shwab v. Doyle, 258 U.S. 529, 534, 42 S. Ct. 391, 66 L.Ed. 747, 752, 26 A.L.R. 1454; In re Harbeck's Will, 161 N.Y. 211, 55 N.E. 850; English's Estate v. Crenshaw, 120 Tenn. 531, 110 S.W. 210, 17 L.R.A., N.S., 753, 127 Am.St.Rep. 1025; State of Ohio v. Harris, 6 Cir., 229 F. 892, 898; People v. Koenig, 37 Colo. 283, 85 P. 1129, 1130, 11 Ann.Cas. 140; Fidelity & Cas. Co. v. Board of Review, 264 Ill. 11, 105 N.E. 704, 707; In re Curtis Estate, 88 Vt. 445, 92 A. 965, 966.

Under the operation of that rule if there be any ambiguity in the meaning of the word "controls" as used in said subsection 4 of Vernon's Ann.Civ.St., art. 5221b—17 (f), it is to be construed most strictly against the tax liability asserted, and, therefore, of course, most liberally in favor of non liability.

Plaintiffs' petition did not allege any facts showing control of all the three employing units by one interest, or by one or more of said employing units, unless, as a matter of law, the fact that H. J. Bass, J. B. Ray and Mrs. A. P. McLemore were a majority of the partners in each of said three firms, alone constituted such control, *and no other facts could exist which would prevent such first named fact from showing control.*

■ It may be conceded, provisionally, that the fact that said three partners were common to each partnership and constituted a majority of the members of each partnership, would, in the absence of any other fact, show control. If so, that would result from the operation of a presumption of control. But, let us suppose, as the conclusions of fact suggest may have been the case, that the several contracts creating the different partnerships vested exclusive control of the affairs of each particular partnership in its managing partner so that there could be no resumption of control by any of the other partners without working a dissolution of the partnership. That, we think, would show the absence of control such as is necessary to constitute the plaintiffs an "employer" subject to the tax. A potential power of control which could not be exercised without working a dissolution of the partnership is, in our opinion, not the control which the statute, justly interpreted, requires to constitute the members of the several partnerships, neither having as many as eight employees, an "employer." Such a construction of the statute, if permissible under any circumstances, would, we think, if applied here, violate the rule of construction above mentioned.

■ Corpus Juris says: "In the absence of any special stipulation between the partners on the subject, every partner is entitled to take part in the management of the business. But the management of the business and the extent of the *control* of particular partners are proper subjects for arrangement by the partners; thus a valid agreement may be made under which one or more partners are given exclusive control over the management of the entire partnership business * * * An agreement for exclusive control of the business by one partner may be implied from the course of conduct of the partners * * ." 47 C.J. 784, sec. 226. (Italics ours.) Texas Jurisprudence says: "In ordinary partnerships, and in voluntary associations also, the management and control of the business is in the majority of the partners, *but by agreement it may be committed to one or more of them,* and may be withdrawn *if the articles do not forbid or prevent it.* Among themselves partners may vest the sole management in one or more partners, the others working under his direction * * *." 32 Tex.Jur. p. 301, sec. 52. (Italics ours.) In Oil Lease & Royalty Syndicate v. Beeler, Tex.Civ.App., 217 S.W. 1054, 1057, the court said: "So far as relates to ordinary partnerships, the control and management of the business is with the majority of the partners, *although it may by agreement be committed to one or more of the partners.*" (Italics ours.)

■ The verb "controls" is not used in reference to the subject matter in different senses so as to require one meaning to be distinguished by the "ultimate control." We think that the rule of construction before mentioned compels the conclusion that the bare fact that the three partners constituting McLemore-Bass Drug Company No. 1 constituted also a majority of the

partners in each of the other two partnerships, does not establish conclusively, as a matter of law, that they control the other three partnerships, regardless of any contracts that could exist vesting exclusive control in the managing partners of said partnerships. As said before, there is presented no question of the sufficiency of evidence, or absence of any evidence, to support the findings relating to control, and unless it can be said, as a matter of law, that there could exist no evidence ·to prevent said fact from showing control, then the judgment as against any attack made upon it was proper.

It is accordingly our conclusion that the judgment of the court below should be affirmed, which is so ordered.